UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

WALTER CARTER,                           )
                                         )
          Petitioner,                    )
                                         )      Nos.    1:09-CR-103-HSM-SKL-1
v.                                       )              1:14-CV-285-HSM
                                         )
UNITED STATES OF AMERICA,                )      Judge Mattice
                                         )
          Respondent.                    )

## MEMORANDUM OPINION

This case is before the Court upon a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 175] filed by Walter Carter ("Petitioner").  Petitioner also has filed two memoranda in support of that motion [Docs. 176, 180] and two separate motions for leave to supplement the § 2255 motion to add additional claims [Docs. 192, 204].  The Court previously granted Petitioner's first motion for leave to supplement his § 2255 motion but indicated it would consider the merits <u>only</u> of any claims set forth therein that are timely pursuant to Rule 15(c) of the Federal Rules of Civil Procedure [Doc. 193].  Petitioner's second motion for leave to supplement his § 2255 motion [Doc. 204] is pending.

For the following reasons, Petitioner's § 2255 motion [Doc. 175] will be **DENIED**.  In addition, all of the claims advanced in Petitioner's first motion for leave to supplement [Doc. 192] will be **DISMISSED** as untimely.  Petitioner's second motion for leave to supplement his § 2255 motion [Doc. 204] will be **DENIED** as untimely.  Petitioner's motion for counsel [Doc. 166] and motion for new trial [Doc. 174] both will be **DENIED**.

# I.  PROCEDURAL HISTORY

## A.  Underlying Criminal Proceedings and Direct Review

On May 11, 2010, Petitioner was charged in a four-count superseding indictment with: possession with intent to distribute five grams or more of crack cocaine (Count One); maintaining a premises for the purpose of distributing crack cocaine (Counts Two and Three); and conspiracy to distribute and to possess with intent to distribute fifty grams or more of crack cocaine (Count Four) [Doc. 65].

A four-day jury trial held in August of 2010 ended in the declaration of a mistrial [Doc. 101]. Following a re-trial, Petitioner was found guilty by jury verdict as to Counts One and Four of the superseding indictment, and not guilty as to Count Two, on October 15, 2010 [Doc. 122].[1] The jury also found that Petitioner was responsible for possessing with intent to distribute five grams or more of cocaine base on Count One, and was responsible for conspiring to distribute at least five but less than fifty grams of cocaine base on Count Four [*Id*. pp. 1, 3].

Prior to trial, the government filed an information pursuant to 21 U.S.C. § 851(a) setting forth two prior felony drug convictions which would qualify Petitioner for the enhanced penalties set forth in 21 U.S.C. § 841(b)(1)(B) upon his conviction for an offense set forth in the superseding indictment [Doc. 94]. With the statutory enhancement, the minimum term of imprisonment warranted on each of Counts One and Four was not less than ten years to a maximum term of life. 21 U.S.C. §§ 841(b)(1)(B); 846; 851. A presentence investigation report ("PSIR") prepared prior to sentencing identified five prior felony convictions of either a crime of violence or a controlled

---

[1] Count Three of the superseding indictment was dismissed by the Court at the close of evidence at Petitioner's first trial upon his renewed motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a) [Doc. 100]. References in the jury verdict form to "Count Three" are to Count Four of the superseding indictment [Doc. 122]

substance offense that qualified Petitioner as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("USSG") [PSIR ¶ 36, 37, 43, 44 and 46].[2] Petitioner's status as a career offender increased his total offense level to 37 which, with a criminal history category of VI, resulting in a guideline range of 360 months to life [PSIR ¶ 78].

In light of the enhanced statutory penalties and his status as a career offender, Petitioner was sentenced on May 16, 2011, to a term of imprisonment of 360 months on each of Counts One and Four of the superseding indictment, to be served concurrently, and concurrent terms of supervised release of eight years on each count [Doc. 140 pp. 2–3]. Petitioner's conviction and sentence were affirmed by the Sixth Circuit Court of Appeals on April 3, 2013 [Doc. 160]. On October 8, 2013, the United States Supreme Court denied Petitioner's petition for a writ of certiorari [Doc. 165].

### B. Post-Conviction Proceedings

On September 30, 2014, Petitioner filed a pro se § 2255 motion raising two grounds for relief: (1) a Fourth Amendment violation arising from the warrantless search of his cell phone; and (2) a Sixth Amendment violation arising from "improper judicial fact-finding" at sentencing [Doc. 175]. In an accompanying memorandum in support of his § 2255 motion filed the same day, Petitioner alleged that his counsel was ineffective in failing to obtain a plea agreement with the government [Doc. 176 pp. 9-10]. Two months later, Petitioner filed a second memorandum in support of his § 2255 motion formally raising ineffective assistance of counsel in failing to obtain

---

[2] Specifically, Petitioner's qualifying convictions included: (1) a 1996 conviction for voluntary manslaughter [PSIR ¶ 36]; (2) a 1996 conviction for attempt to possess cocaine for resale [PSIR ¶ 37]; (3) a 2005 conviction for possession of less than .5 grams of cocaine [PSIR ¶ 43]; (4) a 2005 conviction for possession of cocaine for resale [PSIR ¶ 44]; and (5) a 2005 conviction for possession of marijuana for resale [PSIR ¶ 46].

a plea agreement as a ground for relief [Doc. 180 pp. 17-18]. The government filed a response in opposition to Petitioner's § 2255 motion [Doc. 182] and Petitioner filed a reply [Doc. 183].

On May 31, 2016, Petitioner filed a motion for leave to "supplement" his § 2255 motion [Doc. 192] seeking to raise additional claims of ineffective assistance relating to counsel's: (1) failure to argue for the application of the Fair Sentencing Act at his sentencing hearing; (2) failure to challenge the § 851(a) sentencing enhancement; and (3) failure to challenge the career offender enhancement under USSG § 4B1.1 [Doc. 192]. The Court granted the motion but <u>only</u> to the extent it would consider the merits of any of the new claims that relate back to the date of the original pleading within the meaning of Federal Rule of Civil Procedure 15 (c) [Doc. 193]. After Petitioner filed a memorandum in support of the new claims [Doc. 200], the government filed a response in opposition arguing that all of the new claims are untimely and otherwise are without merit [Doc. 201], to which Petitioner filed a reply [Doc. 202].

On September 18, 2017, Petitioner filed a second motion to "supplement" his § 2255 motion seeking to add a claim challenging his status as a career offender based on the Supreme Court's decision in *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016) [Doc. 204]. The government filed a response in opposition arguing that Petitioner's new claim also is untimely and otherwise meritless [Doc. 207].

## II.    TIMELINESS

Petitioner's filings in this case consist of his initial § 2255 motion [Doc. 175] and memorandum in support [Doc 176], a second memorandum in support [Doc. 180], a first motion for leave to supplement [Doc. 192] and supporting memorandum [Doc. 200], and a second motion to supplement [Doc. 204]. The government argues that, with the exception of the initial § 2255 motion and memoranda in support, all of Petitioner's other filings are untimely under § 2255(f)

and do not relate back to the date of the original pleading within the meaning of Federal Rule of Civil Procedure 15(c) [Docs. 182, 201, 207].

### A.  Applicable Law

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

The Supreme Court has held that the one-year limitation period set forth in § 2255(f) is not jurisdictional, *Day v. McDonough*, 547 U.S. 198, 205 (2006), and thus may be subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  Moreover, the failure to comply with a statute of limitations is an affirmative defense which must be asserted and can be waived.  *Scott v. Collins*, 286 F.3d 923, 927–28 (6th Cir. 2002) (abrogated on other grounds *Day*, 547 U.S. at 208–09).

### B.  Petitioner's § 2255 motion and Memoranda in Support

Petitioner's conviction in this case became final when the United States Supreme Court denied his petition for a writ of certiorari on October 8, 2013.  *See Clay v. United States*, 537 U.S. 522, 527 (2003) (conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a

certiorari petition expires"). Thus, the one-year period of limitation set forth in § 2255(f)(1) began on October 8, 2013, and ran until October 8, 2014. Petitioner's initial § 2255 motion and memorandum in support both were filed on September 30, 2014, within the one-year period. Accordingly, the Court will consider on the merits the claims raised in Petitioner's timely § 2255 motion and the arguments raised in his first memorandum in support.

Petitioner's second memorandum in support of his § 2255 motion was not filed until November 21, 2014, over a month after the expiration of the 1-year limitation period, and thus is untimely unless it relates back to the original timely filed motion. Pursuant to Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure, an amended pleading "relates back to the date of the original pleading" when "the amendment asserts a claim . . . that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading." For purposes of Rule 15, the "original pleading" in a habeas proceeding is the § 2255 motion as initially filed. *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

Here, Petitioner's second memorandum expands upon the Fourth Amendment argument raised in his initial motion and formally raises ineffective assistance of counsel in the plea bargaining context as a ground for relief, a claim to which Petitioner had alluded in his first memorandum in support of his § 2255 motion[3] [Doc. 176 pp. 9–10]. Because the ineffective assistance of counsel claim arose from the same alleged conduct, *i.e.*, the failure to obtain a plea agreement, that Petitioner attempted to set out in his first timely-filed memorandum, and the

---

[3] Although Petitioner's § 2255 motion as initially filed does not itself contain any allegations of ineffective assistance, Petitioner does refer to counsel's failure to obtain a plea agreement in his contemporaneously filed first memorandum in support, and the Court will construe that first memorandum as part of the "original pleading" for purposes of its Rule 15(c) analysis. *See Fields v. United States*, 963 F.3d 105, 109 (6th Cir. 1992) (pro se petitioner's § 2255 motion is entitled to a generous construction).

second memorandum otherwise merely elaborates on the claims raised in Petitioner's timely filed motion and first memorandum, the Court finds that the second memorandum relates back to the date of the original motion under Rule 15(c)(1)(B). *See, e.g.*, *Anderson v. United States*, 39 Fed. App'x 132, 136 (6th Cir. 2002) (relation back found where amendment did not raise entirely new claim but merely streamlined timely-filed motion). Accordingly, the Court will consider on the merits the ineffective assistance of counsel claim raised in Petitioner's second memorandum, as well as the additional arguments raised in support of his original Fourth Amendment claim.

### C. Petitioner's First Motion to Supplement

Petitioner's first motion to supplement his § 2255 motion seeks to raise new claims of ineffective assistance of counsel under three new theories, all of which relate to his sentencing proceedings: (1) counsel's failure to argue for the application of the Fair Sentencing Act;[4] (2) counsel's failure to challenge the application of the § 851 enhancement; and (3) counsel's failure to challenge the application of the career offender enhancement under USSG § 4B1.1 [Doc. 192]. Although the Court previously granted this motion, it explicitly did so <u>only</u> to the extent it raises

---

[4] The Fair Sentencing Act ("FSA") of 2010 increased the amount of crack cocaine needed to implicate mandatory minimum sentences for possession with intent to distribute crack cocaine that had been established in the Anti-Drug Abuse Act of 1986. *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013) (en banc). The FSA "significantly reduced, but did not eliminate, a sentencing disparity between offenses involving crack and powder cocaine" by lowering what previously had been a 100:1 ratio between the amount of powder and crack needed to trigger the mandatory minimums to an 18:1 ratio. *Id.* At the time of Petitioner's sentencing in May of 2011, binding precedent in the Sixth Circuit held that the FSA was <u>not</u> retroactive and therefore did not apply to defendants, like Petitioner, who committed their offenses before its enactment but were sentenced after its effective date. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). *Carradine* later was abrogated by *Dorsey v. United States*, 567 U.S. 260, 281 (2012), wherein the Supreme Court held that the FSA does apply to offenders whose crimes preceded, but were sentenced after, its effective date. Petitioner now seeks to add a claim that his trial counsel was ineffective, in essence, for failing to anticipate this change in the law. The Court notes that *Dorsey* was decided over two years <u>prior</u> to the filing of Petitioner's original § 2255 motion and he has not offered any explanation for not including this claim in his initial filing.

new claims that relate back to the date of the original pleading within the meaning of Rule 15(c) [Doc. 193]. The government subsequently filed a response asserting the statute of limitations as an affirmative defense and arguing that all of the claims Petitioner seeks to raise in his first supplement are untimely [Doc. 201]. The Court agrees.

As an initial matter, although captioned as a motion to "supplement," Petitioner's motion more accurately is to be construed as a motion to <u>amend</u> his § 2255 motion, since it seeks to add three entirely new claims to his original pleading based on events transpiring in relation to his sentencing, which obviously occurred prior to his original pleading. *See Michael v. Ghee*, 498 F.3d 372, 386 (6th Cir. 2007) (a Rule 15(a) motion for leave to amend, not a Rule 15(d) motion to supplement, is the appropriate mechanism through which a party may assert additional claims for relief); *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (within the meaning of Rule 15, supplements relate to events that have transpired *since* the date of the original pleading, while amendments typically rely on matters in place *prior to* the filing of the original pleading).

An attempt to raise a new claim for relief in a Rule 15(c) motion to amend is subject to the one-year statute of limitations set forth in § 2255(f), *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008), and "'a party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired.'" *United States v. Clark*, 637 Fed. App'x 206, 209 (6th Cir. 2016) (quoting *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000)). "Consequently, a Rule 15 motion will be denied where it is filed after that period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of Rule 15(c)(2)." *Howard*, 533 at 475–76. As already noted, for purposes of Rule 15, the "original pleading" in a habeas proceeding is the § 2255 motion as initially filed. *Mayle*, 545 U.S. at 655.

Petitioner's first motion to supplement seeks to add three completely new claims to these proceedings. However, the motion was not filed until May 31, 2016, over two-and-a-half years after his conviction became final on October 8, 2013, and approximately 19 months beyond the expiration of the one-year limitation period set forth in § 2255(f)(1). As Petitioner's motion is untimely under § 2255(f)(1), and there is no basis to support a later triggering date under § 2255(f)(2), (3) or (4), the new claims Petitioner wishes to raise may be considered only if they relate back to the claims raised in his timely § 2255 motion as initially filed under Rule 15(c). They do not.

Relation back under Rule 15(c) is in order when the petition as initially filed and the proposed amendment to that petition state claims that are "tied to the same common core of operative facts." *Mayle*, 545 U.S. at 664. However, a claim that "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" will not so relate back. *Howard*, 533 at 476 (quoting *Mayle*, 545 U.S. at 650); *see also Hicks*, 283 F.3d at 388 ("Rule 15(c) does not apply where the prisoner's proposed amendment makes claims or is based on occurrences 'totally separate and distinct, 'in both time and type' from those raised in his original motion'") (citation omitted).

Here, the original pleading, *i.e.*, the § 2255 motion as initially filed, raised only two claims—a Fourth Amendment claim arising from the warrantless search of Petitioner's cell phone and a Sixth Amendment claim arising from "improper" judicial fact-finding, specifically, the Court's application of a two-level increase to Petitioner's base offense level under the USSG for possession of a firearm. In addition, Petitioner's timely first memorandum in support, which the Court liberally will construe as part of the "original pleading," attempted to set out conduct giving

rise to a claim for ineffective assistance of counsel in the context of plea bargaining, a claim Petitioner formally raised in his second memorandum in support.

None of the claims Petitioner seeks to raise in his first motion to supplement arose out of the same "conduct, transaction or occurrence" underlying any of Petitioner's original claims. Unlike those claims, Petitioner's new claims all target the ineffectiveness of his counsel at sentencing, and there is no "common core of operative facts" linking those claims to Petitioner's original claims. Because Petitioner's new claims are all "supported by facts that differ in both time and type from those the original pleadings set forth," they do not relate back within the meaning of Rule 15(c). *Mayle*, 545 U.S. at 650; *Howard*, 533 at 476.

Moreover, the mere fact that Petitioner raised a sentencing challenge in his original motion based on improper judicial factfinding does not provide a basis for him to untimely assert entirely different challenges to his sentence based on different facts. The Supreme Court in *Mayle* expressly rejected an interpretation of same "conduct, transaction, or occurrence" to mean same "trial, conviction, or sentence." *Mayle*, 545 at 664. "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662.

What Petitioner is attempting to do in his first motion to supplement is to introduce new legal theories into the case based on completely different facts than those underlying his original claims, but well after the limitation period passed. Because none of these entirely new claims are united to any of the original claims through a "common core of operative facts" they do not relate back to the date of the original pleading within the meaning of Rule 15(c) and thus are untimely and will not be considered on their merits.

Because Petitioner's first motion to supplement his § 2255 motion seeks to add claims that are untimely under § 2255(f) and do not relate back to the date of his initial § 2255 motion, and Petitioner has asserted, and the Court can discern, no grounds for equitable tolling,[5] all of the claims set forth in the first motion to supplement [Doc. 192] and supporting memorandum [Doc. 200] will be **DISMISSED**.

### D.    Petitioner's Second Motion to Supplement

Petitioner's second motion to supplement[6] his § 2255 motion seeks to add a new claim challenging his status as a career offender based on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) [Doc. 204].  The government has filed a response asserting the statute of limitations as an affirmative defense in opposing Petitioner's motion [Doc. 207].  Again, the Court agrees with the government that Petitioner's motion is untimely.

Petitioner's second motion to supplement was not filed until September 18, 2017, nearly four years after his conviction became final on October 8, 2013, and almost three years after the expiration of the one-year limitation period set forth in § 2255(f)(1).  Nor can Petitioner rely on

---

[5]  As noted, the one-year limitation period set forth in § 2255(f) is not jurisdictional, *Day*, 547 at 205, and may be subject to equitable tolling in appropriate cases.  *Holland*, 560 U.S. at 645. This is not an appropriate case.  A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) that "some extraordinary circumstance stood in his way and prevented timely filing."  *Id*. at 649.  Here, Petitioner has not demonstrated, or even asserted, that he pursued his rights diligently or that some extraordinary circumstance prevented him from timely raising the claims set forth in his first motion to supplement.  The underlying facts of, and the applicable legal theories behind, all three of his untimely claims were known, or should have been known, to him at the time he filed the initial  § 2255 petition, and he offers no explanation as to why they were not raised until years after the limitation period already had expired.

[6]  Because Petitioner's second motion to supplement his § 2255 motion also seeks to add an entirely new claim, it too must be construed as a motion to amend.  *Ghee*, 498 F.3d at 386.

*Mathis* to avail himself of a later trigger date based on the assertion of a newly recognized right made retroactively applicable to cases on collateral review under § 2255(f)(3).

First, the United States Court of Appeals for the Sixth Circuit has held that *Mathis* did not announce a new rule of constitutional law that has been made retroactive by the Supreme Court. *In Re: Conzelmann*, 872 F.3d 375, 376–77 (6th Cir. 2017). Moreover, *Mathis* was decided on June 23, 2016. Thus, even if *Mathis* had recognized a new right made retroactively applicable to cases on collateral review, it would have triggered a renewed one-year period of limitation beginning on the date of that decision, June 23, 2016, and running until June 23, 2017. *See Dodd v. United States*, 545 U.S. 353, 357 (2005) (one-year limitation period under § 2255(f)(3) runs from date on which Supreme Court initially recognized the right asserted, not from date on which the right asserted was made retroactively applicable). Thus, even using the later trigger date set forth in § 2255(f)(3), Petitioner's second motion to supplement was filed nearly four months beyond the one-year limitation period which would have expired on June 23, 2017, and is untimely under § 2255(f).

Further, like the claims Petitioner attempted to raise in his first motion to supplement, his *Mathis* claim is based on an entirely new legal theory arising from completely different facts than those underlying the claims set forth in his initial § 2255 motion. As Petitioner's *Mathis* claim is not united to any of those original claims through a "common core of operative facts," it too does not relate back to the date of the original pleading within the meaning of Rule 15(c) and will not be considered on the merits.

Accordingly, because Petitioner's motion to add a *Mathis* claim is untimely under § 2255(f) and does not relate back to the original § 2255 motion, and Petitioner again has not asserted, and

the Court cannot discern, any grounds for equitable tolling, his second motion for leave to supplement his § 2255 motion [Doc. 204] will be **DENIED**.

### III.    MERITS ANALYSIS

#### A.    Hearing and Counsel

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings, the Court, after a review of the answer, the transcripts and records of prior proceedings and any other submitted materials, is to determine whether an evidentiary hearing is required. A district court must hold an evidentiary hearing unless the motion, files, and record conclusively show that the petitioner is entitled to no relief. 28 U.S.C. § 2255(b); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

When a review of a § 2255 motion and record indicates a factual dispute, an evidentiary hearing must be held to determine the truth of the petitioner's claims. *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (citations omitted). However, a hearing is not required if the petitioner's factual allegations "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo*, 178 F.3d at 782. Moreover, bald assertions and conclusory allegations do not provide sufficient ground to require an evidentiary hearing. *Thomas v. United States*, 849 F.3d 669, 681 (6th Cir. 2017).

Here, upon review of the motions, memoranda, responses and the record, the Court finds that an evidentiary hearing is not required because the record conclusively shows that Petitioner is not entitled to relief as a matter of law. *See Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983) (evidentiary hearing on motion to vacate sentence is not required to resolve purely legal issues).

Petitioner also has filed a motion for the appointment of counsel [Doc. 166]. Although there is no constitutional right to appointed counsel in a post-conviction proceeding, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Kissner v. Palmer*, 826 F.3d 898, 905 (6th Cir. 2016), a statutory right to appointed counsel exists under Rule 8(c) of the Rules Governing Section 2255 Proceedings if an evidentiary hearing will be held. *Young v. United States*, No. 15-4063, 2017 WL 4358942 * 1 (6th Cir. Feb. 28, 2017). Otherwise, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel in § 2255 proceedings when "the interests of justice so require." Here, an evidentiary hearing is unnecessary and the Court finds that the interests of justice do not otherwise require the appointment of counsel. Accordingly, Petitioner's motion for counsel [Doc. 166] will be **DENIED**.

### B.     Standard of Review

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### C.     Discussion

#### 1.     Warrantless Search of Cell Phone

Petitioner's first claim asserts a Fourth Amendment violation arising from the warrantless search of the data on his cell phone [Doc. 175 p. 4]. Specifically, he alleges that after his cell

phone was seized from his person during a search incident to arrest,[7] officers accessed its contents without obtaining another warrant specific to the data on the cell phone, and the information that was obtained during that illegal search was used against him at his retrial, resulting in his conviction [Doc. 175 p. 4; Doc. 176 pp 1–5; Doc. 180 p. 19]. In support, Petitioner relies exclusively on the Supreme Court's decision in *United States v. Riley*, ___ U.S. ___, 134 S. Ct. 2473 (2014) (holding that officers generally must secure a warrant to search digital information on a cell phone seized during an arrest absent exigent circumstances).

In response, the government argues that the *Riley* case, which was decided after Petitioner's conviction became final, is not retroactive to cases on collateral review, and that Petitioner's Fourth Amendment claim otherwise is not cognizable in a § 2255 proceeding [Doc. 182]. The government is correct on both counts.

First, the *Riley* decision upon which Petitioner relies was decided on June 25, 2014, almost 4 years after the jury's guilty verdict and 8 months after Petitioner's conviction became final when the Supreme Court denied his petition for a writ of certiorari. In *Teague v. Lane*, 489 U.S. 288, 310 (1989), the Supreme Court held that "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." A new rule will apply retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a "'watershed rul[e] of

---

[7] Petitioner previously challenged the constitutionality of his arrest and the search incident to it in a motion to suppress [Doc. 16]. Following a hearing, Magistrate Judge William B. Carter issued a Report and Recommendation [Doc. 42] which the Court subsequently adopted and denied the motion [Doc. 58]. The denial of the suppression motion was affirmed by the Sixth Circuit Court of Appeals on direct appeal [Doc. 160].

criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007).

The new rule of criminal procedure articulated in *Riley* is neither substantive nor a "watershed rule" implicating "fundamental fairness and accuracy."  The rule is not substantive because it does not "narrow the scope of a criminal statute by interpreting its terms," *Bousley v. United States*, 523 U.S. 614, 620–21 (1998), nor "place particular conduct or persons covered by the statute beyond the State's power to punish." *Saffle v. Parks*, 494 U.S. 484, 494 (1990).  Rather, the new rule set forth in *Riley* merely requires a warrant prior to searching data information on a cell phone, a purely procedural requirement that does not "alter the range of conduct or the class of persons that the law punishes."  *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004).

The *Riley* rule also is not a "watershed rule" of criminal procedure because it does not implicate the "fundamental fairness and accuracy" of the criminal proceeding.  *Whorton*, 549 U.S. at 416.  In order to qualify as a watershed, a new rule "must be one 'without which the likelihood of an accurate conviction is *seriously* diminished.'"  *Schriro*, 542 U.S. at 352 (quoting *Teague*, 489 U.S. at 313).  The class of watershed rules is "extremely narrow," *Id.*, and would not extend to the *Riley* rule, which is not necessary to prevent the risk of inaccurate convictions, as "whether an investigation violated the Fourth Amendment has no bearing on whether the defendant is guilty."  *Good v. Berghuis*, 729 F.3d 636, 637 (6th Cir. 2013); *see also Austin v. United States*, No. 12-20554, 2016 WL 2795682 *6 (E.D. Mich. May 13, 2016) (*Riley* rule is not watershed rule of criminal procedure).

In any event, notwithstanding *Riley*, Petitioner's Fourth Amendment claim is not cognizable in a § 2255 proceeding.  When the government seeks to admit evidence collected pursuant to an illegal search or seizure, the exclusionary rule at times suppresses that evidence and

makes it unavailable at trial in order to deter Fourth Amendment violations. *Herring v. United States*, 555 U.S. 135, 139 (2009).  Despite its connection to the Fourth Amendment, however, there is no constitutional right to have the evidentiary fruits of an illegal search or seizure suppressed at trial.  *Davis v. United States*, ___ U.S. ___, 131 S. Ct. 2419, 2426 (2011).

"Because questions regarding the admissibility of otherwise relevant evidence seldom touch upon the "basic justice" of a conviction, the Supreme Court bars Fourth Amendment claims from habeas review." *Northrop v. Trippett*, 265 F.3d 372, 378 (6th Cir. 2001).  "In this context the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal . . . ." *Stone v. Powell*, 428 U.S. 465, 495 (1976).  Accordingly, "free-standing Fourth Amendment claims cannot be raised in collateral proceedings under . . . § 2255." *See Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013).

As the *Riley* case upon which Petitioner relies was decided after his conviction became final and is not retroactive, and free-standing claims under the Fourth Amendment are not cognizable under § 2255, Petitioner is not entitled to relief on this claim.

### 2.       Improper Judicial Fact-finding

Petitioner's second claim asserts a Sixth Amendment violation resulting from "improper" judicial fact-finding at sentencing that increased his offense level under the USSG.  In particular, Petitioner points to a two-level increase in his offense level under USSG § 2D1.1(b)(1) for possession of a firearm [Doc. 176 pp. 6–8].  In support, Petitioner relies on *Alleyne v. United States*, 570 U.S. 99 (2013) (any fact that increases mandatory minimum sentence for crime is "element" of crime not "sentencing factor," that must be submitted to jury).  Petitioner is not entitled to relief on this claim.

As an initial matter, this claim has been procedurally defaulted because Petitioner did not raise it on direct appeal. It is well-established that a § 2255 motion "is not a substitute for a direct appeal." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray*, 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). The hurdle a petitioner faces to excuse procedural default is "intentionally high[,] . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

Here, Petitioner's Sixth Amendment claim could have been raised on direct appeal but was not, and he has not put forth any good cause for his failure to raise it on direct appeal or attempted to establish any actual prejudice to excuse that failure. Nor has he asserted, nor could he establish, his actual innocence.[8] As a result of Petitioner's procedural default, this claim cannot be entertained under § 2255.

In any event, even had Petitioner not procedurally defaulted this claim, it otherwise is without merit. Petitioner's reliance on *Alleyne* is misplaced, as that case only prohibits judicial determinations as to facts, other than the fact of a prior conviction, that increase the statutory penalty for an offense. *Alleyne*, 570 U.S. at 103. Facts that merely "influence[] judicial discretion," like facts used to calculate the applicable Guidelines range, need not be found by a jury. *Id*. at 116;

---

[8] In order to establish actual innocence, a petitioner must demonstrate that, "'in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-329 (1995) (citation omitted).

*see also Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000) ("[N]othing . . . suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment within the range prescribed by statute."); *United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013) ("*Alleyne* did not extend *Apprendi* to facts that do not increase the prescribed statutory penalties").  Here, Petitioner has not identified any judicial fact-finding that increased the <u>statutory</u> range of his punishment, but only challenges enhancements that increased his sentencing guideline range under the USSG.

Accordingly, Petitioner is not entitled to relief on his claim of improper judicial fact-finding in violation of the Sixth Amendment, as that claim has been procedurally defaulted and otherwise is without merit.

### 3. Ineffective Assistance of Counsel

Petitioner's third claims asserts a claim of ineffective assistance of counsel based on his failure to obtain a plea agreement [Doc. 176 pp. 9–10; Doc. 180 pp. 17–18; Doc. 183 pp. 2-3].  Specifically, Petitioner alleges that no plea deal was ever communicated to him [Doc. 176] and that if counsel had obtained a plea bargain, he would not have gone to trial [Docs. 180; 183].  However, because Petitioner has not alleged, or offered any evidence suggesting, that the government ever was willing to negotiate a plea deal or that a plea offer actually occurred, his ineffective assistance of counsel claim will be denied.

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987).  First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).  Counsel's assistance is presumed to have

been effective, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Here, Petitioner cannot show that his counsel's performance was deficient merely because he failed to obtain a favorable plea agreement on Petitioner's behalf for the simple reason that "there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *United States v. Martin*, 516 Fed. App'x 433, 443 (6th Cir. 2013). Here, although Petitioner baldly asserts that he would have accepted a plea deal to a lesser sentence had his counsel obtained one, he has not alleged that the government offered one or had any intention but to proceed to trial. Accordingly, counsel cannot be deemed deficient for not having obtained a plea bargain when there is no evidence the government was

amenable to negotiate or that a plea deal ever was offered. To the contrary, the government has indicated that the United States never proffered a plea agreement [Doc. 182].[9]

In support of his claim, Petitioner primarily relies upon *Lafler v. Cooper*, 566 U.S. 156, 163 (2012), in which the Supreme Court held that criminal "defendants are entitled to the effective assistance of competent counsel" during the plea-bargaining process. *See also Missouri v. Frye*, 566 U.S. 134, 143–44 (2012) (Sixth Amendment right to effective assistance of counsel during criminal proceedings extends to the plea-bargaining process). Petitioner argues that his counsel's failure to obtain a plea agreement "creates a *Lafler* problem."

However, *Lafler* and *Frye* easily are distinguishable from the present case. In *Lafler*, counsel's incorrect advice resulted in the defendant rejecting a favorable plea offer, which led to a conviction following trial and a significantly higher sentence than had been offered in the rejected plea. In *Frye*, counsel failed to inform the defendant of a favorable plea offer, which subsequently lapsed, resulting in the defendant ultimately accepting a less favorable plea deal. And *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), also cited by Petitioner, involved a situation where the defendant entered a guilty plea based upon counsel's allegedly erroneous advice. *See also Padilla v. Kentucky*, 559 U.S. 356 (2010) (allegedly incorrect legal advice resulted in acceptance of unfavorable plea agreement).

---

[9] Because Petitioner has not so much as alleged let alone submitted any evidence that any plea offer occurred no hearing is necessary on this issue. *Arredondo*, 178 F.3d at 782. While Petitioner makes a bald assertion that "no plea offer was communicated to him," he has made no allegation nor provided any documentation that any plea offer ever was made, nor has he provided any affidavit, statement or other evidence in support of his conclusory allegation that his counsel's performance was deficient. *Cf., MacLloyd v. United States*, 684 Fed. App'x 555 (6th Cir. 2017) (hearing was required where defendant presented factual narrative and corroborating evidence supporting his allegations).

The crux of the foregoing cases is that when the government is willing to engage in plea negotiations, and extends a formal plea offer, counsel has an obligation to provide reasonably effective assistance by communicating the offer to the defendant and by providing adequate advice as to whether the plea offer should be accepted or rejected. None of the cases stand for the proposition that counsel's inability to negotiate or obtain a favorable plea from the government constitutes deficient performance, as there is no constitutional right to plea bargain in the first instance. *Weatherford*, 429 at 561.

Thus, because Petitioner has failed to establish deficient performance as to his claim of ineffective assistance of counsel based on a failure to obtain a plea agreement, he is not entitled to relief on that claim.

### D.     Motion for New Trial

Also pending is Petitioner's "renewed motion for new trial" pursuant to Federal Rule of Criminal Procedure 33(b)(1) [Doc. 174]. The purported basis for Petitioner's motion is a "change in law" arising from *Riley v. California*, *supra,* which Petitioner "construes as new evidence" [*Id.* p. 1]. This motion also is untimely and will be denied.

Pursuant to Federal Rule of Criminal Procedure 33(b)(1), any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. Any new trial motion grounded on any other reason must be filed within 14 days after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(2).

Here, Petitioner's "renewed" motion[10] for new trial was filed on September 10, 2014, nearly four years after the guilty verdict was returned on October 15, 2010 [Doc. 122]. Thus, even

---

[10] Petitioner's argument that his renewed motion should be deemed timely because he previously filed a timely motion for new trial within the fourteen day time period set forth in Rule

assuming *arguendo* that Petitioner's motion is grounded on newly discovered evidence, it was filed 11 months beyond the time limit set forth in Rule 33(b)(1).

In any event, a change in the law does not constitute newly discovered evidence for purposes of Rule 33. *See United States v. King*, 735 F.3d 1098, 1109 (9th Cir. 2013). Thus, "[a]n attempt to relitigate the case on a new theory is not considered newly discovered evidence but is merely [a] newly discovered issue of law." *United States v. Olender*, 338 F.3d 629, 636 (6th Cir. 2003); *see also United States v. Seago*, 930 F.2d 482, 489 (6th Cir.1991) (newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence).

Because the purported reason for Petitioner's motion for new trial does not constitute "newly discovered evidence," and his motion was not filed within the time period authorized by either Rule 33(b)(1) or (b)(2), Petitioner's renewed motion for new trial [Doc. 174] will be **DENIED**.

---

33(b)(2) is frivolous. Petitioner's original motion for new trial was denied on May 16, 2011 [Doc. 137], and there is no basis in law or fact to conclude that merely because a movant once filed a timely motion for new trial, he should be permitted to file a "renewed" motion at any time in the future without regard to the time limits set forth in Rule 33. Petitioner's alternative argument that the 3-year limitation period of Rule 33(b)(2) should have been tolled while his direct appeal was pending also is without merit. Although Rule 33(b)(1) provides that a court may not grant a new trial if an appeal is pending until the appellate court remands the case, Petitioner cites no authority for the proposition that the 3-year period for bringing a new trial motion based on newly discovered evidence does not run while the appeal is pending. To the contrary, Rule 33(b) was amended in 1998 to change the starting date for the limitation period for filing a motion for new trial based on newly discovered evidence from the date of "final judgment" to the date of the verdict or finding of guilty. *See* Fed. R. Crim. P. 33, Advisory Committee Notes, 1998 Amendments. The Committee specifically noted that using the date of final judgment as the triggering event "can cause great disparity in the amount of time available to a defendant to file a motion for new trial" and that the intent of the change was to "remove that element of inconsistency by using the trial court's verdict or finding of guilty as the triggering event." *Id.*

## IV.    CONCLUSION

For the reasons set forth herein, Petitioner's original § 2255 motion [Doc. 175] will be **DENIED**.   In addition, all of the claims advanced in Petitioner's first motion for leave to supplement [Doc. 192] will be **DISMISSED** as untimely and Petitioner's second motion for leave to supplement his § 2255 motion [Doc. 204] also will be **DENIED** as untimely.

Petitioner's motion for counsel [Doc. 166] and motion for new trial [Doc. 174] both will be **DENIED**.

## V.    CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal.   Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2255 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right.   *See* 28 U.S.C. § 2253(c)(2).   Where a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as jurists of reason would not debate the Court's findings as to any of Petitioner's three claims that were addressed on their merits.   Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA **SHALL NOT ISSUE**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**


_____ */s/ Harry S. Mattice, Jr.* _____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE